Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

JAMES LONG,
)
 No. 08-03-00052-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 109th District Court

)


THE STATE OF TEXAS,
)
 of Andrews County, Texas

)


 Appellee.
)
 (TC# 4058)


MEMORANDUM OPINION



 Pending before the Court is Appellant's motion to remand for new trial due to loss of a
portion of the reporter's record. Finding that Appellant did not timely request the lost portion of the
reporter's record, we deny the motion.

FACTUAL SUMMARY


 A jury convicted Appellant of burglary of a habitation and assessed his punishment at
imprisonment for a term of twelve years. The trial court sentenced Appellant in open court on
January 15, 2003. Appellant did not file a motion for new trial. Consequently, his notice of appeal
was due to be filed no later than February 14, 2003. See Tex.R.App.P. 26.2(a)(1). Further, his
written request to the court reporter requesting preparation of the reporter's record had to be filed
on or before that same date. See Tex.R.App.P. 34.6(b)(1). Appellant timely filed his notice of
appeal and notified the court reporter in writing that he desired a partial reporter's record. Thus, his
request was timely but it excluded preparation of voir dire. In accordance with the request, the court
reporter prepared the partial record and forwarded it to this Court for filing on April 29, 2003. 

 On May 30, 2003, Appellant's counsel (1) filed a motion to dismiss the appeal. After affording
appellate counsel an opportunity to correct the defect, we denied the motion on August 6, 2003
because it had not been personally signed by Appellant. On September 5, 2003, Appellant filed a
motion for extension of time to file his brief stating the following as good cause:

 Counsel for Appellant was originally asked to appeal a single issue which research
indicated would be frivolous. Subsequently, counsel for Appellant filed a Motion to
Dismiss the appeal which was denied. Counsel for Appellant is now requesting a
complete reporters [sic] record and cannot prepare a brief until after said record is
prepared and filed. 


This Court extended the time for filing Appellant's brief until November 4, 2003.

 Appellant did not forward a written request to the court reporter for preparation of voir dire
until October 1, 2003. She immediately notified him that she no longer had her notes or tapes. 
Appellant then filed his motion to remand for new trial because a portion of the reporter's record had
been lost. Pursuant to our order, the trial court conducted a hearing on the matter and the court has
filed findings of fact and conclusions of law. The findings do not support Appellant's motion.

LOST OR DESTROYED REPORTER'S NOTES


 Rule 34.6 sets out the circumstances when a defendant can obtain a new trial due to an
incomplete record:

 (1) if the appellant has timely requested a reporter's record; 


 (2) if, without the appellant's fault, a significant exhibit or a significant portion of the
court reporter's notes and records has been lost or destroyed or--if the proceedings
were electronically recorded--a significant portion of the recording has been lost or
destroyed or is inaudible; 


 (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or
destroyed exhibit, is necessary to the appeal's resolution; and 


 (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be
replaced by agreement of the parties, or the lost or destroyed exhibit cannot be
replaced either by agreement of the parties or with a copy determined by the trial
court to accurately duplicate with reasonable certainty the original exhibit.


Tex.R.App.P. 34.6(f).


 Appellant has failed to establish that he timely requested the lost portion of the reporter's
record. Appellant timely requested a partial record as he is permitted to do under the Rules of
Appellate Procedure (2) and the court reporter fulfilled her duty by filing that partial record. It is clear
from the evidence adduced in the trial court that if Appellant had initially requested the entire record,
including voir dire, it would have been prepared and filed. Appellant did not, however, request
preparation of the remaining portion of the reporter's record until nearly eight months after the due
date for filing the request with the court reporter. Consequently, Appellant is not entitled to remand
for a new trial and the motion is denied. Appellant's brief was due to be filed on November 4, 2003. 
On its own motion, the Court extends the time for filing Appellant's brief until March 20, 2004. 
This is a final extension and no further extensions will be granted.


PER CURIAM


February 19, 2004 

 


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)
1. Appellate counsel was court-appointed to represent Appellant at both trial and on appeal.
2. See Tex.R.App.P. 34.6(c)(rule pertaining to partial reporter's record).